UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jabbar Jomo Straws, # 231018, | ) C/A No. 4:09-0009-HFF-TER |
|                     Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| A. J. Padula, Warden, | ) |
|                     Respondent. | ) |

*Background of this Case*

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). The petitioner is serving an aggregate 110-year sentence for two counts of kidnapping, two counts of assault and battery with intent to kill, armed robbery, and possession of a weapon during a violent crime. His convictions were entered in the Court of General Sessions for Lexington County on June 28, 2006. The petitioner's direct appeal is pending before the South Carolina Court of Appeals. In the § 2254 petition (Entry No. 1), the petitioner raises only one (1) ground — excessive delay in the pending direct appeal.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

In any event, it is clear that the petitioner has not exhausted his state court remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). The petitioner has a

3

pending direct appeal before the South Carolina Court of Appeals.  A direct appeal is the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007).  It is well settled that a direct appeal is a viable state court remedy.  *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989).  If the pending direct appeal turns out to be unsuccessful, the petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, et seq.  The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy.  *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

Inordinate delay in the state court proceedings may justify waiver of exhaustion.  *Ingram v. State of South Carolina*, 164 F.3d 624 [Table], 1998 U.S.App. LEXIS 26544, 1998 WL 726757 (4th Cir., Oct. 18, 1998).  *See also Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); and *cf. United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984).

Even so, the one ground raised in the petition is not a basis for federal habeas corpus relief because the inordinate delay does not relate to the grounds raised in the pending direct appeal.  As a result, the petitioner's single ground of inordinate delay in his pending direct appeal will not get the petitioner "out of prison."  *Long v. Ozmint*, 558 F. Supp. 2d 624 (D.S.C. 2008), which is analogous.  In fact, summary dismissal of the above-captioned case will prevent the successive petition bar, which adversely affected a state prisoner in *Long v. Ozmint*.

If the undersigned were to authorize service of process in the above-captioned case, the Attorney General of South Carolina would likely file a motion for summary judgment.[3] In turn, if the District Court granted the motion for summary judgment, the petitioner would face the successive petition bar if he were to file a new habeas action after his now-pending direct appeal (or later post-conviction case) was decided by the courts of the State of South Carolina. *Long v. Ozmint*, 558 F. Supp. 2d at 626-30.

Although it involved allegations of inordinate delay in a pending post-conviction case, the petitioner's attention is directed to *Burgess v. Bodison*, 2008 U.S. Dist. LEXIS 80048, 2008 WL 4533964 (D.S.C., Oct. 9, 2008) (summary dismissal *without prejudice* of petition alleging one ground of inordinate delay protects a South Carolina prisoner from a Catch-22 situation):

> This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition be dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.
>
> The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b) (1).

---

[3] *See Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960), *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976), and *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998), which hold that state law issues are not valid grounds for federal habeas corpus relief.

The Magistrate Judge filed the Report on August 22, 2008, and the Clerk of Court entered Petitioner's objections to the Report on September 23, 2008.

In this action, Petitioner argues that his right to Due Process has been violated by the State of South Carolina's two-and-a-half-year "inordinate" delay in resolving his post-conviction relief (PCR) claim. (Pet'r Objections 3.) In rejecting this argument, the Magistrate Judge relied on Petitioner's pending PCR application as proof of Petitioner's failure to exhaust his state remedies as required under 28 U.S.C. § 2254(b)(1)(A). (Report and Recommendations 3.) The Magistrate Judge understood that inordinate delay in state court proceedings may justify waiver of the exhaustion requirement, but concluded that because Petitioner's only ground raised in his petition was a claim for inordinate delay, that that deficiency alone would be insufficient for habeas relief. (Report and Recommendations 3.) The Magistrate Judge was especially concerned with the impact that a fully adjudicated § 2254 petition would have on Petitioner's future ability to file a successive § 2254 petition raising actual substantive challenges to his state convictions. (Report and Recommendations 3-4.) In other words, if Petitioner's inordinate delay challenge was adjudicated now, he may be unable to bring a successive petition challenging his underlying conviction. *See Long v. Ozmint*, 558 F.Supp.2d 624 (D.S.C.2008) (Floyd, J.) (dismissing petitioner's successive application under § 2254 where petitioner had previously filed first application challenging only state's inordinate delay in processing habeas application).

In response to the Magistrate Judge's position that Petitioner has failed to exhaust his state remedies, Petitioner cites 28 U.S.C. § 2254(b)(l)(B)(ii), which allows for an application for habeas corpus where "circumstances exist that render such process ineffective to protect the rights of the applicant." (Pet'r's Objections 4.) He also points to *Smith v. Kansas*, 356 F.2d 654 (10th Cir.1966), which held that a delay of more than one year in processing a post conviction application entitled a petitioner to seek habeas relief. (Pet'r's Objections 4.) Additionally, Petitioner argues that the Court should apply the four-part balancing test announced in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and find that he has been deprived of his right to "timely process." (Pet'r's Objections 6.)

To begin, the Court appreciates the Magistrate Judge's efforts to protect Petitioner from a potential ban on bringing a successive

6

§ 2254 petition. Although Petitioner may not realize it, he is in a Catch-22. If he is successful in challenging the state's inordinate delay in processing his PCR application, he may have exhausted his only opportunity to challenge his underlying state convictions in federal court. Although § 2254 allows for successive petitions, leave to file such petitions must be granted by the Court of Appeals and is available only in certain limited circumstances. *See* 28 U.S.C. § 2244(b)(2) (2008) (barring successive application under § 2254 unless applicant shows the claim relies on a new rule of constitutional law or the factual predicate for new claim could not have been previously discovered and such facts, if proven, would exonerate petitioner of underlying offense). Petitioner may be unable to meet this standard for bringing a successive § 2254 petition. On the other hand, if the Court follows the recommendation of the Magistrate Judge and dismisses Petitioner's petition without prejudice, he will still be left waiting for the state court to review his application for post conviction relief.

In an effort to escape this impasse, while avoiding ex-parte communications with Respondent, the Court asked the Clerk's office to check on the status of Petitioner's state PCR action. The Court has learned that Petitioner's PCR was called for a hearing on September 17, 2008. Rather than being resolved, however, Petitioner sought to have new counsel appointed against the objections of the State, resulting in the postponement of his PCR action until the next PCR term, which will be in March 2009. This information validates the concerns implied by the Magistrate Judge that if the Court ordered service upon Respondent, Respondent would likely prevail on a motion for summary judgment because the delays in processing Petitioner's PCR were his own fault. *Cf.* 28 U.S.C. 2254(i) (2008) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Furthermore, what distinguishes Petitioner's case from other cases involving inordinate delay claims is that Petitioner has failed to assert any substantive claims upon which the Court could provide relief under § 2254, even if it excused the exhaustion requirement. *See e.g., Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir.1991) (noting that if state's delay is unjustifiable court must hear habeas petition on its merits). Because the Petitioner has failed to assert any grounds for relief besides inordinate delay, even if this argument has merit, the Court will be unable to provide him with other relief, and he will

> have effectively wasted his opportunity to challenge his state court conviction under 28 U.S.C. § 2254.
>
> Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's claim should be DISMISSED without prejudice and without requiring Respondent to file an answer. By dismissing the case without prejudice, Petitioner need not seek leave from the Court of Appeals to file a subsequent § 2254 petition after he exhausts his state remedies. *Railford v. Moore*, No. 97-6674, 1997 U.S.App. LEXIS 28748 (4th Cir. Oct. 17, 1997). Additionally, Petitioner is advised that if the delay in state court continues and he wishes to file another petition under 28 U.S.C. § 2254, then he should assert all possible grounds for federal habeas relief in that petition because it may be his only opportunity to do so.

*Burgess v. Bodison*, 2008 WL 4533964 at *1-*2 (footnote omitted from quotation).

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file a return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief

in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

                                                 s/Thomas E. Rogers, III

February 19, 2009                       Thomas E. Rogers, III
Florence, South Carolina         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).